## THEODORE LYMAN *versus* LUKE FISKE.

A person is legally taxable for personal property, in the town of which he is an inhabitant when the tax is assessed ; but his election to pay such tax in one town rather than in another, is only one circumstance bearing upon the question of his actual habitancy, and must be taken in connexion with the other circumstances of the case, in order to determine where he is legally liable.

TRESPASS *de bonis asportatis.* It was agreed by the parties, at the trial, that the defendant was one of the assessors of the town of Waltham for the year 1832, in which year the plaintiff was taxed in that town, for his real and personal estate and poll, at the sum of $502·67 ; and that for the non-payment of that portion of the tax which was assessed on his personal estate and poll, the goods mentioned in the writ were taken and sold by the collector under the assessor's warrant.

The only question in the case was, whether the plaintiff was taxable in Waltham, in 1832, as an inhabitant of that town.

It appeared that the plaintiff had lived on his farm in Waltham a number of years, and had been taxed and had paid his taxes in that town ; that for several years he had been a widower ; that for several years he had kept a house in Boston ready furnished, one room of which he had used as a counting-room ; that he usually had some person living in the house to take care of it ; that he kept a clerk in Boston, and transacted business there, mostly through commission merchants, but sometimes in his own person, or by his clerk ; that he spent most of his time in Waltham, but was in the habit of coming often into Boston in the summer season, occasionally spending the night in Boston, but generally returning to Waltham on the same day ; and that the house in Boston was managed generally in the same manner, whether he was more or less in the city. At an interview with the assessors of Waltham in 1831, the plaintiff proposed to them to pay the sum of $300, annually, for his taxes, and alluding to some previous difficulties with them about taxes, observed, that he intended always to live and pay taxes in Waltham, unless the assessors bore too hard upon him.

In March, 1832, the plaintiff directed his clerk to recall his

Lyman
*v.*
Fiske.

former house-keeper, who had left his service, and have the house in Boston ready, as he intended to come to Boston that season and pay his taxes there. This direction was obeyed, and the house-keeper was at the house before the middle of the ensuing April. From that time to the last of April, the plaintiff frequently went into the city in the morning, and returned at night. On the 30th of April, he went to Boston and stayed till the 2d of May, when he returned to Waltham. For about two weeks after this time he was often in Boston, remaining in the day time only ; and in June, while some of his grandchildren were ill in Boston, he stayed every other night in the city. Except at this time he was not in Boston in 1832 more than in previous years ; but his house-keeper remained there during the rest of the year, except a few weeks in the summer, keeping the house open for his reception, in the same manner as had usually been done before the period in question. From that time till the time of the trial at October term 1834, the plaintiff had resided at Waltham as before.

After the plaintiff went to Boston on the 30th of April, 1832, he sent to the assessors of that city a schedule of his real and personal estate, and was taxed there at the sum of $1536·54, which tax he paid.

The jury were instructed, for the purposes of the trial, that under the circumstances, the plaintiff had a right to elect in which of the places he would be taxed ; that if he left Waltham on the 30th of April, and went to Boston for the purpose of rendering himself liable to taxation that year in the latter place, though he might have intended to return to Waltham immediately after the 1st of May and dwell there as before, he was taxable in Boston and not in Waltham, and they ought to find a verdict for the plaintiff.

The jury returned a verdict for the plaintiff ; which was to be set aside, if the Court should be of opinion, that the instructions were erroneous.

*Greenleaf,* for the defendant. The plaintiff was taxable in

*Oct 16th.* Waltham, which was the place of his domicil. Story on Confl. of Laws, 39, 42, 46 ; *Andrews* v. *Herriot,* 4 Cowen, 516, note. If his intention was *not* to remain in Boston, but in Waltham, the mere transporting himself to Boston, for ?

temporary purpose, did not change his domicil. *Jennison* v. *Hapgood*, 10 Pick. 77 ; *Hampden* v. *Fairfield*, 3 Greenl. 436 ; *Greene* v. *Greene*, 11 Pick. 410 ; and his subsequent conduct may be taken into consideration, in determining what his intention was. *Richmond* v. *Vassalborough*, 5 Greenl. 396. The plaintiff's domicil must have been either in the one place or the other, exclusively ; for he cannot have two domicils as regards taxation. *Somerville* v. *Somerville*, 5 Vesey, 750, 785 ; *Harvard College* v. *Gore*, 5 Pick. 370. But the case does not depend on the question of domicil alone. The tax act provides, that the assessors shall give warning to the *inhabitants* to bring in lists of their polls and estates. The term *inhabitant* imports citizenship and municipal relations ; and to constitute a person an inhabitant of a town, there must be at least an intention on his part to reside long enough therein to acquire municipal rights. *Taylor* v. *Knox*, 1 Dallas, 158 ; *Harvard College* v. *Gore*, 5 Pick. 377 ; *Attorney General* v. *Parker*, 3 Atk. 577. Now laying out of the case the time of residence, the plaintiff would not have voted in Boston, but he might have voted in Waltham.

It is not true, that a citizen may elect where he will pay his taxes. He has a right to say where he will dwell, and then the law declares that there he shall be taxed. If the law were otherwise, it would lead to corrupt bargains with town officers.

*J. Pickering* and *Hoar*, for the plaintiff. It is not the mere actual presence of a person in any particular place, which makes such place his home ; but his intentions must be taken into consideration. If he intends to exercise the rights, and to subject himself to the burdens of a citizen there, he then becomes an inhabitant. In the present case, the plaintiff had two places of residence, and it is not material, in this connexion, how long he resided at the one place or the other. He declared it to be his intention to subject himself to taxation in Boston, and he was actually there, at the time when the taxes were to be assessed. For the purposes of taxation, therefore, the plaintiff was an inhabitant of Boston. *Makepeace* v. *Lee*, cited in 5 Pick. 378 ; Story on Confl. of Laws, 46, and cases cited ; *The Frances*, 8 Cranch, 363 ;

20 *

Merlin's Repertoire de Jurispr. *verb. Dcmicile*, § 10. If there is no other fact from which the Court can determine this question, they must be governed by the election of the plaintiff. In the present case, we resort to circumstances, to show such election ; and among these circumstances the declaration of the plaintiff is of great importance. *Harvard College v. Gore*, 5 Pick. 370 ; Nap. Code, § 104.

The tax acts provide, that taxable persons may bring in lists of their property to the assessors ; and it may be inferred from this, that every one is to decide for himself, where he ought to be taxed.

SHAW C. J. delivered the opinion of the Court. The liability of the plaintiff to be taxed in the town of Waltham, depends wholly upon the question, whether he was an inhabitant of that town, at the time the taxes were levied, in May, 1832.

In some respects, perhaps, there is a distinction between habitancy and domicil, as pointed out and explained in the case of *Harvard College v. Gore*, 5 Pick. 377, the former being held to include citizenship and municipal relations. But this distinction is believed to be of no importance in the present case ; because all the facts and circumstances, which would tend to fix the domicil, would alike tend to establish the habitancy.

It is difficult to give an exact definition of habitancy. In general terms, one may be designated as an inhabitant of that place, which constitutes the principal seat of his residence, of his business, pursuits, connexions, attachments, and of his political and municipal relations. It is manifest, therefore, that it embraces the fact of residence at a place, with the intent to regard it and make it his home. The act and intent must concur and the intent may be inferred from declarations and conduct. It is often a question of great dificulty, depending upon minute and complicated circumstances, leaving the question in so much doubt, that a slight circumstance may turn the balance. In such a case, the mere declaration of the party, made in good faith, of his election to make the one place rather than the other, his home, would be sufficient to turn the scale. But it is a question of fact

for the jury, to be determined from all the circumstances of the case. So it was left in the case of *Makepeace* v. *Lee*, cited by the Chief Justice, in 5 Pick. 378. The election of a man to pay taxes in one town rather than another, may be a good motive and a justifiable reason for changing his habitancy ; and if such election is followed up by corresponding acts, by which he ceases to be an inhabitant of the one, and becomes an inhabitant of the other, his object may be legally accomplished. But such an election to be taxed in one town rather than another, is only one circumstance, bearing upon the question of actual habitancy, and to be taken in connexion with the other circumstances, to determine the principal fact. But the Court are of opinion, that the effect of the instruction of the court on the trial of this cause, was to withdraw all the evidence from the consideration of the jury, except the election of the plaintiff to be taxed in Boston, that this direction was not correct, and that the question whether the plaintiff was an inhabitant of Waltham, should have been left to the jury, upon all the facts and circumstances of the case.

*New trial granted.*